**STATE of Missouri, Respondent,**

v.

**Danny RIVERS, Appellant.**

**No. 46764.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 11, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied
Dec. 28, 1983.

Application to Transfer Denied
Feb. 15, 1984.

Henry B. Robertson, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant appeals after his conviction by a jury of the crime of stealing a motor vehicle, § 570.030, RSMo.1978, for which he was sentenced as a persistent offender to a term of twelve years' imprisonment. We affirm.

Defendant was charged with stealing a van from its owner, Gregory Taylor, on June 6, 1982. On that day, Taylor had been drinking; he stopped his van in an alley and slept on a bed in the rear of the vehicle. When he awoke, he saw two intruders in the van attempting to pull loose his stereo speakers. After Taylor knocked one of the intruders out of the van, the other hit him on the head with a bottle. One of the intruders then ran off, but the other stayed close to the van.

With blood running down his face, Taylor reached to see if his keys were in the ignition. When he found they were not, he left his vehicle to summon help. He encountered a police officer in the next block and, after explaining the situation, got into the officer's automobile. As they drove up to the corner, Taylor spotted his van. The officer pulled his patrol car in front of the van, jumped from his vehicle, and removed the defendant from the driver's side of the van.

Since Taylor is nearsighted and was not wearing his eyeglasses at the time of this incident, he could not identify the person apprehended by police as either of the men that had been in his van when he awoke. Furthermore, at trial Taylor testified that he saw only one person in the van when it was stopped. However, the officer testified that a second man ran from the scene; the defendant's statement to police confirmed that a passenger had been present when the van was stopped.

After being advised of his rights, the defendant told the police officer "I saw the van in the alley running with no one around. So I got in and was driving away when you caught me." The officer also testified that, based on his observations, he did not believe that the defendant knew how to operate the gear shift in the van since it was jerking and the engine turned off after the defendant put it in reverse. The evidence adduced at trial also showed that the defendant lived in the vicinity of this incident.

Defendant does not challenge the sufficiency of the evidence. In his sole point on appeal, the defendant contends that the trial court erred in refusing his instruction on tampering in the second degree, § 569.090, RSMo.Supp.1982. Defendant's point was fully addressed in State v. Smith, 655 S.W.2d 626 (Mo.App.1983). Tampering is not a lesser included offense of stealing. Id. at 627. Therefore, the court did not err in refusing defendant's instruction.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.