STATE of Missouri, Respondent,

v.

Veophilus H. BLACK, Appellant.

No. 47689.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 21, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied Sept. 28, 1984.

treated as a first conviction.

Robert J. Maurer, Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Chief Judge.

Defendant was convicted by a jury of second degree burglary and stealing over $150.00. He was found by the court to be a persistent offender and sentenced to 15 years for each offense, with sentences to be served consecutively. Defendant appeals. We affirm.

At trial the state introduced the following evidence. On November 9, 1982, Judith Hickey and her young son left their family residence in St. Louis County, to go for a short walk in their neighborhood. They returned approximately 20 minutes later. At that time Judith Hickey noticed a brown automobile in front of her house. After entering the kitchen, she heard a noise and saw a shadow of a person reflected on the family room wall. She and her son immediately left the house and went to a neighbor's home to call the police. The neighbor, James McCabe, went outside and obtained a description and license plate number of the car which was relayed to the police. James McCabe entered the Hickey residence; he found no one inside. During this interval, the brown car and its occupants left the scene. A St. Louis County police officer, Officer Newsham, responded to a radio call of the burglary in process at the Hickey residence. The radio call included a description and license number of the brown car. As he reached the entrance to the subdivision, he spotted this car. He blocked the road, forcing the car to stop. As the patrol car pulled up to the intersection, Officer Newsham noticed the person sitting in the front passenger seat throw something out the window. Other police officers arrived on the scene. The officers ordered the three occupants out of the car. The three were later identified as defendant, Darrel Taylor, and a juvenile. The officers searched the car and area where the defendant had thrown several items. Inside the car two rings were recovered; a watch and ring were recovered laying in the nearby grass. McCabe and Mrs. Hickey were brought to the scene. He identified the car and she identified the property as belonging to her husband.

Mrs. Hickey returned home. In the family room, she found the TV and stereo had been moved from their stands and placed on the floor near the rear door. Her hair dryer, curling iron, and diamond ring were found on the patio. The police checked the house and items that had been moved for fingerprints. A fingerprint found on the television was identified as a print of defendant's left middle finger.

Defendant was arrested along with the other occupants of the car and transported

to the second precinct station. Defendant was read his *Miranda* rights. Defendant signed a waiver form and made a confession. His statement to police was that he had gone to the rear of the Hickey residence and entered the house through patio doors which were unlocked. Then, defendant went to the front door and waved for Taylor and the juvenile to come inside. Only the juvenile entered the house. He and defendant took jewelry from the master bedroom. The juvenile also stacked numerous items by the back door.

■ Defendant's first point of error concerns his confession. He contends the court erred in overruling his motion to suppress because his "statement was made in the absence of counsel and any waiver of [his] right to remain silent was not a knowing and voluntary waiver of said rights." Defendant has failed to include the hearing on the motion to suppress in the record on appeal. Without the transcript of the hearing, we are unable to determine what evidence was presented to the trial court. This deficiency in the record on appeal forecloses our review for any trial court error. Defendant has preserved nothing for review. *State v. Cleveland*, 627 S.W.2d 600, 601 (Mo. banc 1982).

■ However to the extent possible we have reviewed to determine whether the defendant's confession was voluntarily made. The only testimony concerning the confession came from Officer John Newsham. He stated that he had read and explained the *Miranda* warnings to defendant. Defendant had read and signed a waiver form prior to his confession. We find there is a total absence of any evidence which would indicate defendant did not waive his 5th amendment rights voluntarily. We find against defendant on this point.

■ Defendant next contends there was insufficient evidence to support his conviction. Further recitation of the facts is unnecessary to conclude this point. We have reviewed the record and find this contention to be wholly without merit. There is overwhelming evidence from which reasonable persons could have found the defendant guilty. *State v. Porter*, 640 S.W.2d 125, 126 (Mo.1982).

■ Finally, defendant contends the trial court erred in refusing to instruct the jury on the lesser included offense of stealing under $150.00. The sole evidence of value of the stolen items introduced at trial was the testimony of Christopher Hickey. According to his testimony, the current value of the items was $725.00. On cross-examination, Mr. Hickey testified the original cost of the items was $285.00. As there is no evidence the value of the stolen property was below $150.00, the trial court was not required to instruct on the lesser included offense. *State v. Thornton*, 557 S.W.2d 1, 3 (Mo.App.1977).

The judgment of the trial court is affirmed.

KAROHL, P.J., and CRANDALL, J., concur.