STATE of Missouri, Respondent,

v.

Ira SOUDERS, Appellant.

No. 49109.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 31, 1985.

Motion for Rehearing and/or
Transfer Denied Feb. 4, 1986.

Robert A. Hampe, St. Louis, for appellant.

William L. Webster, Atty. Gen., Mark A. Richardson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a jury conviction for attempted stealing of an automobile, for which defendant was sentenced to serve two years' imprisonment and pay a fine of $5,000. We affirm.

A security guard at the parking lot of a Rodeway Inn in the City of St. Louis saw defendant approach a 1980 Chevrolet truck, and open the door using a screwdriver and a pair of pliers. Defendant got in and began to use a "dent puller" on the ignition switch, arousing the suspicion of the guard, who then approached the vehicle. Defendant got out of the truck, ignored an order to halt, and began to run. The guard pursued, and radioed for assistance. When the guard caught up to defendant, they squared off, and defendant raised a "punch bar." The guard fired a shot into the air, and defendant dropped the bar and a bag he was carrying. The police arrived, and defendant was arrested.

Examination of the truck revealed the driver's side door lock was broken, and the cover of a radio speaker, located in the driver's side door, was lying on the ground. The ignition switch cover plate had been removed, and was lying on the floor of the truck. The ignition switch mechanism had been pulled approximately one-half inch out of position. Various tools, including a screwdriver, priers, and a dent puller, were found either in defendant's bag or in the truck. Also in defendant's bag was a can of "Freeze It" which defendant said was used to disable alarms.

■ Defendant challenges the information charging him with attempted stealing, claiming the original information was invalid due to lack of attestation, the amended information charged him with a different crime and did not protect defendant from being placed in double jeopardy. This was the second trial in the case, the first having ended in a mistrial. Lack of attestation of the original information was not raised until the morning of the second trial. No motion to quash appears on the record. Lack of attestation of an information is not jurisdictional, but is a formal matter which is waived if there is no timely motion to quash. *State v. Rhodes*, 591 S.W.2d 174, 176 (Mo.App.1979). *State v. Van Sickel*, 675 S.W.2d 907, 911–13 (Mo.App.1984).

■ The remaining points relating to the information are premised on the assertion the amended information charged a different crime than did the original information. An amendment to an information is proper if the amended information does not charge an additional or different offense than that charged in the original information. *State v. Amerson*, 661 S.W.2d 852 (Mo.App.1983). Here, the only changes made in the amendments specified the make of the truck the defendant was accused of attempting to steal; defendant removed the ignition switch *cover*, not the ignition switch; and stated the actions were directed towards "stealing a motor vehicle, to-wit: a 1980 Chevrolet Truck," not "stealing over one hundred and fifty dollars (auto), to-wit: a 1980 truck." It also alleged a prior offense. The amendments did not charge any additional or different offense.

The information before and after amendment set out the elements of attempted stealing. *See State v. Olds*, 603 S.W.2d

501, 508[8] (Mo. banc 1980). The amount or identity of the property the perpetrator attempted to steal is not a necessary element of the offense. *State v. Bradshaw*, 643 S.W.2d 834, 836 [4] (Mo.App.1982). Therefore, specification of the truck as a Chevrolet, or of the attempted crime as stealing a motor vehicle, did not charge a different offense. Changing the specification of the removed part to the ignition switch cover from the ignition switch only changed the the method of commission of the offense, and did not allege a different offense. *State v. Mace*, 665 S.W.2d 655, 661[6] (Mo.App.1984).

■ Defendant alleges error in the trial court's denial of his motion to prevent the security guard from testifying, because the state did not disclose a report written by that guard. This report, written for the guard's employer, is not alleged to have been in the possession of the state. Rule 25.03(A)(1) requires the state to provide, upon request, the written statements of witnesses the state intends to call, if the statement is "within its possession or control." This statement was not shown to be within the possession or control of the state, and therefore the denial of sanctions for failure to produce the report was proper.

■ Error is also asserted in the acceptance of oral testimony of the owners to establish ownership of the truck. Defendant claims the best evidence rule requires the title to be used to establish the truck's ownership. However, the best evidence rule does not apply in this situation, and the testimony of the owners, which was not challenged, was sufficient to establish they owned the truck. *State v. Hull*, 595 S.W.2d 49, 54[9, 10] (Mo.App.1980).

■ The admission of a photograph showing the interior of the vehicle is also challenged. Defendant claims the photograph did not show that the ignition switch was pulled out, and therefore it was not a accurate portrayal of what it purported to show. Admissibility of photographs is a matter consigned to the discretion of the trial court, and is reviewed only for an abuse of that discretion. *State v. Kincade*, 677 S.W.2d 361, 366[11] (Mo.App.1984). The testimony revealed it was an accurate portrayal of the interior, and any inaccuracy or difficulty in preceiving details of the photograph goes to the weight to be assigned the photograph by the jury, and not its admissibility. *See, State v. Moody*, 645 S.W.2d 152, 158[14] (Mo.App.1982).

■ The remaining three points relied on by defendant all concern the failure of the trial court to give certain instructions. Rule 30.06(e) requires appellant, when challenging the refusal of any instruction, to set forth the instruction in full in the argument portion of the brief. The refused instructions do not appear in the briefs, nor do they appear anywhere in the record on appeal. Therefore, these points are not subject to review. *State v. Money*, 697 S.W.2d 269, 271[4] (Mo.App.1985).

■ Further, there is no merit to any of the points. Defendant was not entitled to an instruction on circumstantial evidence, even though the evidence on one issue was circumstantial, because the evidence on the other issues was largely direct. *State v. Caldwell*, 695 S.W.2d 484, 486–87[5–7] (Mo.App.1985). There was no error in refusing an instruction on tampering in the second degree, because that is not a lesser included offense of the crime of attempted stealing of a motor vehicle. *State v. Rivers*, 663 S.W.2d 255, 256 (Mo. App.1983), and because the evidence presented at trial did not support a submission for tampering in the second degree. *State v. Pruitt*, 646 S.W.2d 369, 371–72[5] (Mo.App.1982). Finally, it was not error to refuse an instruction on misdemeanor stealing, because evidence the cover of the radio speaker on the driver's side door had been removed in some manner was not substantial evidence to support a submission on the theory defendant was not attempting to steal the truck but rather was attempting to steal the truck radio. *See*

*Pruitt,* 646 S.W.2d at 372; *State v. Black,* 677 S.W.2d 907, 909 (Mo.App.1984).

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.