**STATE of Missouri, Plaintiff–Respondent,**

v.

**Terry D. McINTYRE, Defendant–Appellant.**

**No. 53084.**

Missouri Court of Appeals, Eastern District, Division One.

Feb. 16, 1988.

Application to Transfer Denied May 17, 1988.

Paul E. Madison, Asst. Public Defender, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was found guilty by a jury of stealing a motor vehicle and sentenced by the court as a persistent offender to a term of 10 years' imprisonment to be served consecutively to an existing 10-year sentence. He appeals; we affirm.

On November 22, 1985, a man who identified himself as "Johnny" went to Kirkwood Mitsubishi and told salesman Steven George he wanted to test drive a Mitsubishi Galant. While George went to get the keys to a Galant demonstrator, "Johnny" was left alone to look at a Galant on the showroom floor. The showroom car had its keys in its ignition, and those keys were similar to the keys to the demonstrator Galant.

After a test drive, "Johnny" returned a set of Galant keys to George who returned them to the dealership "key board." About 15 minutes later, George and another salesman discovered the demonstrator Galant was missing and the keys on the board were from the showroom Galant at which "Johnny" had been looking, not the demonstrator. Two days later, St. Louis city police officers saw the Galant, which was listed on a "hot sheet" of stolen cars. After a pursuit, police officers stopped the Galant and arrested defendant, who was driving, and a passenger. There was a set of keys in the vehicle's ignition.

Jack Schneedle, a Kirkwood police officer, prepared a photo array to show to automobile salesman George. Two of the photos, obtained from the St. Louis Police Department, were of defendant and the passenger arrested with him; three were from the Kirkwood Police Department files. On November 27, 1985, Detective Schneedle took the five photographs to the Kirkwood Mitsubishi dealership, showed them to George, and asked him if any of the photos were of the person who was in the dealership and took a ride in the demonstrator Galant on November 22, 1985. Schneedle did not tell George anything else. George identified the photograph of defendant as "Johnny."

On December 19, 1985, defendant was charged with first degree tampering for operating the Galant in the city of St. Louis. He was found guilty by a jury on June 5, 1986, and sentenced July 11, 1986, by the court as a prior and persistent offender to 10 years' imprisonment. We affirmed his tampering conviction on appeal. *State v. McIntyre*, 735 S.W.2d 111 (Mo. App.1987).

On August 9, 1986, defendant was charged with stealing the Galant based on his alleged appropriation of it from Kirkwood Mitsubishi. His motion to dismiss the stealing charge, based on a claim of double jeopardy, was denied February 23, 1987.

At defendant's trial on the stealing charge, automobile salesman George identified the photograph of defendant that he had previously identified for Detective Schneedle. George also identified defendant in court as "Johnny," the person who test drove the Galant that later was stolen. Defendant also was identified in court by the St. Louis police officer who arrested him while driving the Galant and the general manager of Kirkwood Mitsubishi. On the date of the theft, defendant approached the general manager in the dealership building and inquired about a Mitsubishi Galant on the parking lot. The manager directed defendant to the showroom floor and later saw him briefly in the new car showroom.

On appeal, defendant contends the trial court erred in failing to sustain his motion to dismiss "on grounds of prior jeopardy in that [defendant] had already been previously tried and convicted of unlawfully operat-

ing the vehicle he was charged in this case with stealing."

Defendant relies primarily on *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed. 2d 187 (1977). We believe *Brown* supports the result we have reached. In *Brown*, the defendant was arrested on December 8, 1973, while driving a stolen car. He was charged with "joyriding," pled guilty, and served a 30–day jail sentence. After his release from jail, he was charged with the November 29, 1973, theft of the automobile. The trial court overruled his double jeopardy objection and the Ohio Court of Appeals affirmed. In its opinion, the Ohio appellate court stated its conclusion that, under Ohio law, the misdemeanor of joyriding was included in the felony of auto theft; however, it held the second prosecution permissible because the theft occurred on November 29 and the joyriding on December 8. *Brown*, 432 U.S. at 162–64, 97 S.Ct. at 2223–24, 53 L.Ed.2d at 192–93. Relying on the Ohio Court of Appeals's interpretation of the Ohio statutes, the United States Supreme Court reversed the conviction on double jeopardy grounds. *Id.* at 168–70, 97 S.Ct. at 2226–27, 53 L.Ed.2d at 195–97.

Here, defendant asks us to overrule a long line of Missouri opinions that hold that tampering with a motor vehicle is not a lesser included offense of stealing the same vehicle. In his brief, defendant states as follows:

> The Ohio Court of Appeals had earlier held that the crime of joyriding was included in the offense of auto theft. Missouri courts have developed a different interpretation, holding that joyriding or "tampering" is *not* a lesser included offense of auto theft. This is contrary to the definitions of the respective offenses and the meaning of "lesser included offense."

> . . . .

The statutes involved in the *Brown* case are virtually identical to the Missouri Statutes for tampering and stealing a motor vehicle. (Citations omitted.)

We recognize that our courts have interpreted the Missouri stealing and tampering statutes differently from the Ohio court's interpretation of Ohio law. In *Brown*, however, the United States Supreme Court recognizes that state courts "have the final authority to interpret . . . that State's legislation," and the Court's ruling was based on the Ohio court's determination that, under Ohio law, joyriding is a lesser included offense of auto theft. The Missouri Court of Appeals, Western District, faced this issue in *State v. Smith*, 655 S.W.2d 626 (Mo.App.1983), and concluded that auto tampering is not a lesser included offense of auto theft. We have consistently followed the western district's view.[1] *Smith* and our opinions that follow it were published subsequent to *Brown*, and we see no reason to deviate from this precedent.

■ We recognize, as did Justice Blackmun in his dissenting opinion in *Brown*, that the appropriation and operation of an automobile could be "so closely connected in time" that they would constitute only one offense. *Brown*, 432 U.S. at 171, 97 S.Ct. at 2228, 53 L.Ed.2d at 198. Here, however, the tampering was not a part of the stealing that occurred two days earlier. Had defendant been charged with stealing and tampering based solely on his driving the Galant from the dealership parking lot, then we believe his conduct would constitute only one offense.[2]

■ Defendant also alleges the trial court erred in failing to sustain his motion to suppress identification of his photograph by automobile salesman George and George's in-court identification. He argues that, because none of the four other photographs showed a man with a similar hair

---

1. *See State v. Rivers*, 663 S.W.2d 255 (Mo.App. 1983); *State v. Gobble*, 675 S.W.2d 944 (Mo.App. 1984); *State v. Souders*, 703 S.W.2d 909 (Mo. App.1985). Our supreme court denied applications to transfer in *Smith, Rivers,* and *Gobble.*

2. We note that defendant, at his trial on the tampering charge, objected to evidence that he stole the Galant, seeking to exclude it as evidence of another crime. In ruling on this complaint, we treated the stealing as a separate offense from the tampering. *McIntyre*, 735 S.W. 2d at 112.

style, the circumstances were "inherently suggestive and conducive to mistaken identification."

We have carefully reviewed the record and conclude that, based on the totality of the circumstances, Detective Schneedle was not impermissibly suggestive in his conduct of the photo identification session with George. *See State v. Higgins,* 592 S.W.2d 151, 159–60 (Mo. banc 1979), *appeal dismissed,* 446 U.S. 902, 100 S.Ct. 1825, 64 L.Ed.2d 254 (1980). Moreover, George's in-court identification of defendant was reliable under the totality of the circumstances test of *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). *See Higgins,* 592 S.W.2d at 160.

Judgment affirmed.

GARY R. GAERTNER, P.J., and CRIST, J., concur.