Terry D. McINTYRE, Plaintiff–Appellant,

v.

Paul CASPARI,* Defendant–Appellee.

No. 89–2700.

United States Court of Appeals,
Eighth Circuit.

Submitted March 7, 1994.

Decided Sept. 9, 1994.

Rehearing and Suggestion for Rehearing
En Banc Denied Nov. 23, 1994.

Dorothy D. Danforth, St. Louis, MO, argued (John L. Davidson, Jr., on the brief), for appellant.

Stephen David Hawke, Jefferson City, MO, argued (William L. Webster and Stephen D. Hawke, on the brief), for appellee.

Before McMILLIAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

JOHN R. GIBSON, Senior Circuit Judge.

Terry D. McIntyre's habeas petition raising a most troublesome double jeopardy issue is before us for the third time, after our second opinion in this case was vacated by the United States Supreme Court. The issue before us is a narrow one, whether *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), bars McIntyre's conviction for stealing after he was convicted of tampering in the first degree. On November 22, 1985, McIntyre took a car from a dealership in Kirkwood, Missouri. Two days later, on November 24, 1985, he was arrested in the city of St. Louis while driving the same car. In June 1986, McIntyre was prosecut-

---

* Paul Caspari succeeded Myrna Trickey as superintendent of the Missouri Eastern Correctional Center during the pendency of this appeal. Accordingly, we substitute Paul Caspari for Myrna Trickey. *See Fed.R.Civ.P.* 25(d).

ed, tried and found guilty in the city of St. Louis, Missouri, of first-degree tampering with an automobile owned by a car dealership in St. Louis County, Missouri. In February 1987, a circuit court in St. Louis County convicted McIntyre of stealing that same vehicle. He was sentenced to two consecutive ten-year terms in prison. We conclude that McIntyre's two prosecutions violate the *Blockburger* test. Accordingly, we reverse and order the district court to grant the writ of habeas corpus, ordering that McIntyre's stealing conviction be vacated.

McIntyre appealed his stealing and tampering convictions, claiming the State's prosecution for stealing after he was already convicted of tampering violated his Fifth Amendment right against double jeopardy. The Missouri Court of Appeals affirmed his convictions. *See State v. McIntyre,* 735 S.W.2d 111 (Mo.Ct.App.1987) (first-degree tampering conviction); *State v. McIntyre,* 749 S.W.2d 420, 422 (Mo.Ct.App.1988) (stealing conviction). Thereafter, McIntyre filed a petition for writ of habeas corpus in the district court based on his double jeopardy claim.[1] The district court denied McIntyre's petition and adopted the magistrate judge's recommendation that first-degree tampering is not a lesser included offense of stealing under Missouri law. Order of Nov. 22, 1988, slip op. at 1. McIntyre appealed, and we granted the writ of habeas corpus. *McIntyre v. Trickey,* 938 F.2d 899 (8th Cir.1991) (*McIntyre I*). We held that McIntyre's Fifth Amendment right against double jeopardy was violated when the State prosecuted him for stealing an automobile when he had earlier been prosecuted for first-degree tampering with the same car. *Id.* at 905–07. We based our decision on *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), which held that the Double Jeopardy Clause blocks a subsequent prosecution if the government must prove, as an essential element of the offense, conduct that constitutes an offense for which defendant has already been prosecuted. *Id.* at 521, 110 S.Ct. at 2093.

After the State filed a petition for writ of certiorari, the United States Supreme Court vacated our decision and remanded with directions to reconsider in light of *United States v. Felix,* —— U.S. ——, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992). In *Felix,* the Supreme Court modified the *Grady* rule, and held that subsequent prosecutions for crimes involving "multilayered conduct as to time and place" may not be barred. *Id.* at ——, 112 S.Ct. at 1385. After reconsideration, we affirmed our prior decision, *McIntyre v. Trickey,* 975 F.2d 437 (8th Cir.1992) (*McIntyre II*), and held that McIntyre's crime was a single course of conduct. We reasoned that first-degree tampering was a "species of lesser included offense" under *Felix* and therefore McIntyre's prosecution for stealing violated his Fifth Amendment right against double jeopardy. *Id.* at 443 (citing *Felix,* —— U.S. at ——, 112 S.Ct. at 1384). Thereafter, the State again petitioned for writ of certiorari. The Supreme Court vacated our judgment in *McIntyre II* with directions to reconsider in light of *United States v. Dixon,* —— U.S. ——, ——, 113 S.Ct. 2849, 2864, 125 L.Ed.2d 556 (1993), which overruled *Grady.* The parties submitted letter briefs at our request, and we have heard argument.

■ The Double Jeopardy Clause prohibits a second prosecution for the same offense. *See* U.S. Const. amend. V. Critical to the determination of whether the two prosecutions are for the "same offense" is whether the two offenses consist of the same elements. The Supreme Court first articulated the "same-elements" test in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), which held that the focus should be "on whether *each* offense requires proof of a fact that the other does not." *Id.* (emphasis added); *see United States v. Cerone,* 830 F.2d 938, 944 (8th Cir.1987), *cert. denied,* 486 U.S. 1006, 108 S.Ct. 1730, 100 L.Ed.2d 194 (1988). In *Grady,* the Supreme Court held that a "same-conduct" test should be considered in addition to the same-elements test. 495 U.S. at 521, 110 S.Ct. at 2093. Under the same-conduct analysis, the Double Jeopardy

1. The State of Missouri previously admitted that McIntyre had exhausted his state remedies. *See*

*McIntyre v. Trickey,* 938 F.2d 899, 900–01 (8th Cir.1991).

Clause barred any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. *Id.* However, in *Dixon*, the Supreme Court concluded that the same-conduct test was unworkable and specifically overruled it. —— U.S. at ——, 113 S.Ct. at 2864. Therefore, the Supreme Court has made clear that the *Blockburger* "same-elements" test is the sole standard by which we must determine whether a subsequent prosecution violates the Double Jeopardy Clause. *Id.; United States v. Rodgers,* 18 F.3d 1425, 1428 (8th Cir.1994).

Much of the supplemental briefing and argument before us has revolved around language in *McIntyre I* and *McIntyre II.* Both of these opinions have been vacated by the Supreme Court orders granting certiorari, and remanded to us for further consideration in light of the developing Supreme Court law. Accordingly, our earlier opinions no longer have any precedential value. If we glean any reasoning that is material to the issues before us, it may be considered only as we analyze the double jeopardy issue under *Blockburger.* It is also true that our earlier two decisions primarily involved a discussion of *Grady,* and an application of the *Grady* same-conduct standard under the restrictions placed upon it by *Felix.* As *Dixon* overruled *Grady,* most of our discussion is robbed of any materiality to the "same-elements" analysis we must now undertake.

In *McIntyre I* we discussed the elements of the two offenses as follows:

The testimony regarding the visit to the car dealership, together with the testimony concerning McIntyre's operation of the car, proved the entirety of the tampering offense, and nearly the entirety of the stealing offense. The only new witness presented by the government at the stealing trial was Detective Schneedle, who testified regarding the photographic lineup and George's identification of McIntyre. Even accepting that this testimony was necessary to help establish the first element of the stealing charge, the conduct proved at the first trial established the whole of the next two elements—the owner's lack of consent and McIntyre's purpose of withholding the car permanently from the owner.

Therefore, we conclude that McIntyre's second prosecution violated the rule of *Grady* because the government, to establish essential elements of the stealing charge, proved conduct that constituted an offense for which McIntyre had already been prosecuted. *See Grady,* [495 U.S. at 520–22] 110 S.Ct. at 2093.

938 F.2d at 906.

In *McIntyre II* we referred to this discussion and stated:

In the stealing trial, the government proved the same conduct it had proved to establish the entirety of the tampering offense; significantly, it proved that conduct to establish nearly the entirety of the stealing charge. *McIntyre,* 938 F.2d at 906. This was not a situation involving a 'mere overlap' in proof. *See Felix,* —— U.S. at ——, 112 S.Ct. at 1382 ("a mere overlap in proof between two prosecutions does not establish a double jeopardy violation"). The same conduct was proved at both trials to establish charges that were nearly identical.

975 F.2d at 443–44. However, in *McIntyre II* we also stated: "Neither one of these offenses is a lesser-included offense of the other under the *Blockburger* standard, for each requires proof of an element that the other does not." *Id.* at 443 (citing *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182).

While in *McIntyre I* we spoke of conduct, we also referred to "nearly the entirety of the stealing charge" and distinctly compared the essential elements of the two charges. 938 F.2d at 906. After intervening study and argument, it is evident that these two statements are merely an application of the same-conduct test. As the Supreme Court has vacated our opinion containing these passages, and has directed that we reconsider the case in light of the *Dixon* opinion, we need only examine the double jeopardy issue under the principles announced in *Blockburger.*

As McIntyre argues, *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), is instructive.[2] In *Brown*, the defendant was convicted for joyriding an automobile under Ohio law and was later prosecuted for stealing the same automobile. *Id.* at 162, 97 S.Ct. at 2223–24. Applying *Blockburger*, the Supreme Court held that the prosecution for stealing violated the Double Jeopardy Clause because each of the two crimes did not require proof of an additional fact that the other did not. *Brown*, 432 U.S. at 168, 97 S.Ct. at 2226–27. The Court held that joyriding an automobile was a lesser included offense of stealing an automobile because joyriding requires no proof beyond that which is required for a conviction of stealing. In addition, the Supreme Court rejected the Ohio courts' conclusion that no double jeopardy problem existed because the joyriding offense and stealing occurred on different days. "[T]he Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units." *Id.* at 169, 97 S.Ct. at 2227. Here, too, we reject the State's argument that the offenses of tampering and stealing are different offenses merely because they occurred on separate days.

We are mindful that in determining that the defendant was unconstitutionally subjected to double jeopardy, *Brown* emphasized that the Ohio courts had previously determined that joyriding was a lesser included offense of stealing. In contrast, in McIntyre's case, the Missouri Court of Appeals has determined that tampering is not a lesser included offense of stealing.[3] McIntyre argues that the Missouri Court of Appeals based the determination that first-degree tampering[4] is not a lesser included offense of stealing[5] on cases considering tampering in the *second degree*.[6] He concedes that if he had been charged with tampering in the second degree, he would not have a viable double jeopardy claim, but contends the statute

**2.** In *McIntyre II*, 975 F.2d at 442 n. 3, we stated *Brown* did not control because tampering was not a lesser included offense of stealing. We are convinced on further study that we spoke too hastily, and that we were wrong. We relied on a decision of the Missouri appellate court, *State v. Rivers*, 663 S.W.2d 255, 256 (Mo.Ct.App.1983), just as the Missouri Court of Appeals did in considering McIntyre's appeal from his stealing conviction. *See McIntyre*, 749 S.W.2d at 422. In McIntyre's earlier appeals to this court, we directed our attention to the *Grady* issues, and it is apparent that we did not analyze with proper care the elements of first-degree tampering and stealing under the Missouri statutes. *Rivers* and the other cases the Missouri Court of Appeals relied on dealt with second-degree tampering, and as our later analysis will demonstrate, the elements of first-degree tampering and second-degree tampering are fundamentally different. We now recognize that our earlier statement in *McIntyre II*, 975 F.2d at 442 n. 3, that tampering was not a lesser included offense of stealing was an incorrect conclusion about Missouri law.

**3.** The Missouri Supreme Court has not considered whether tampering is a lesser included offense of stealing.

**4.** The Missouri first-degree tampering statute provides in relevant part:

A person commits the crime of first-degree tampering if:

⋅ ⋅ ⋅ ⋅ ⋅

(2) He knowingly receives, possesses, sells, alters, defaces, destroys or unlawfully operates an automobile ... without the consent of the owner thereof.

Mo.Rev.Stat. § 569.080 (1986 & Supp.1993).

**5.** The Missouri stealing statute provides in relevant part:

A person commits the crime of stealing if he appropriates property ... of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion.

Mo.Rev.Stat. § 570.030 (1986 & Supp.1993). Further, the statute defines "appropriate" to mean "to take, obtain, use, transfer, conceal or retain possession of." Mo.Rev.Stat. § 570.010(2) (1986 & Supp.1993).

**6.** In relevant part, the Missouri statute defines tampering in the second degree as:

1. A person commits the crime of tampering in the second degree if he:

(1) Tampers with property of another for the purpose of causing substantial inconvenience to that person or to another; or

(2) Unlawfully rides in or upon another's automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle.

Mo.Rev.Stat. § 569.090 (1986 & Supp.1992).

for first-degree tampering does not contain any elements not also found in the stealing statute.

 After observing that state court determinations of state law issues are binding on federal courts, the Court in Brown concluded that the state court in Ohio had erred in its determination that the time gap prevented applicability of the double jeopardy bar. 432 U.S. at 167, 97 S.Ct. at 2226. The state court's defective analysis of the legal issue in that case caused the Supreme Court to conclude that a double jeopardy violation existed. Id. at 167–68, 97 S.Ct. at 2226–27. We face a similar situation in this case. We are required in habeas matters to accept the state courts' interpretation of state law, Wainwright v. Goode, 464 U.S. 78, 84, 104 S.Ct. 378, 382, 78 L.Ed.2d 187 (1983) (per curiam), but we are not similarly bound as to the constitutional effect of that construction. Missouri v. Hunter, 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983); Brown, 432 U.S. at 167, 97 S.Ct. at 2226. Further, as it is our duty in habeas cases to review de novo a state court's legal conclusions, we are not required to presume that a state court's conclusions of law are correct. Laws v. Armontrout, 834 F.2d 1401, 1407 (8th Cir.1987), cert. denied, 490 U.S. 1040, 109 S.Ct. 1944, 104 L.Ed.2d 415 (1989). As we stated above, while we are certainly aware that the Missouri courts "have the final authority to interpret ... that state's legislation," Brown, 432 U.S. at 167, 97 S.Ct. at 2226 (citing Garner v. Louisiana, 368 U.S. 157, 169, 82 S.Ct. 248, 254–55, 7 L.Ed.2d 207 (1961)); see Maggitt v. Wyrick, 533 F.2d 383 (8th Cir.), cert. denied, 429 U.S. 898, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976), we must consider claims asserting constitutional violations. See 28 U.S.C. § 2254 (1988 & Supp. IV 1992); Pitts v. Lockhart, 911 F.2d 109, 112 (8th Cir.1990) (section 2254 requires federal court to consider "only claims raising violations of the Constitution or laws or treaties of the United States"), cert. denied, 501 U.S. 1253, 111 S.Ct. 2896, 115 L.Ed.2d 1060 (1991). With these principles in mind, we now analyze the Missouri Court of Appeals' legal determination regarding tampering and stealing, and the constitutional ramifications of the Missouri court's interpretation of the two statutes in McIntyre's case.

In considering McIntyre's claim that first-degree tampering is a lesser included offense of stealing an automobile, the Missouri Court of Appeals relied upon another state court of appeals case, State v. Smith, 655 S.W.2d 626 (Mo.Ct.App.1983), to conclude that auto tampering is not a lesser included offense of auto theft. McIntyre, 749 S.W.2d at 422. Smith held that a denial of a second-degree tampering instruction as a lesser included offense of stealing was not error. 655 S.W.2d at 628. Smith carefully outlined the stealing and second-degree tampering statutes and compared the legal and factual elements of both. Id. That court then held second-degree tampering could not be a lesser included offense of stealing because the stealing statute requires an intent to deprive the owner of property permanently, while the tampering statute only requires an intent to deprive the owner of the property temporarily. Id. Other courts of appeals in Missouri have reached the same result regarding second-degree tampering. See, e.g., State v. Souders, 703 S.W.2d 909, 911 (Mo.App.1985); State v. Gobble, 675 S.W.2d 944 (Mo.App.1984), and State v. Rivers, 663 S.W.2d 255, 256 (Mo.App. 1983). When the Missouri Court of Appeals rejected McIntyre's argument that first-degree tampering was a lesser-included offense of stealing, it relied on Gobble, 675 S.W.2d at 944. See McIntyre, 749 S.W.2d at 422 n. 1. The appellate court in Gobble held that second-degree tampering was not a lesser included offense of stealing or attempted stealing. 675 S.W.2d at 949. Gobble is significant because that court analyzed this issue by comparing the statutory elements of the offenses, an analysis the Missouri court did not follow in deciding McIntyre's case. Cf. McIntyre, 749 S.W.2d at 422. Gobble pointed out that tampering requires a substantial inconvenience by depriving the owner of his property temporarily. 675 S.W.2d at 949. Actually, the second-degree tampering statute enumerates four disjunctive definitions of criminal activity, two of which could be applicable to an automobile: one involving tampering with property for the purpose of causing substantial inconvenience to the owner or another, and one subsection involving unlaw-

fully riding in or upon another's automobile. *See* Mo.Rev.Stat. § 569.090. Both of these elements differ significantly from the first-degree tampering elements of knowingly possessing or unlawfully operating an automobile without the consent of the owner thereof. *See* Mo.Rev.Stat. § 569.080, subd. 1(2). We observe that *State v. Walton,* 703 S.W.2d 540, 542 (Mo.App.1985), *cert. denied,* 499 U.S. 931, 111 S.Ct. 1337, 113 L.Ed.2d 268 (1991), contains an interesting discussion of the statutory elements of tampering in the first degree. *Walton* held that an instruction on tampering in the first degree was error for failure to submit the statutory element of defendant's knowledge, but that the error was not prejudicial. *Id.* In considering McIntyre's claim, the Missouri court did not cite *Walton* or compare the elements of first-degree tampering and stealing, but only cited cases which dealt with second-degree tampering as authority for its conclusion that first-degree tampering is not a lesser included offense of stealing.

In addition, the Missouri Court of Appeals relied on the length of time between the events constituting the offenses to justify its conclusion in McIntyre's case that tampering and stealing are separate offenses. After observing that "tampering was not part of the stealing that occurred two days earlier," the Missouri court opined that had McIntyre been charged with stealing and tampering based solely on his driving the car away from the dealership's lot, "it would have constituted only one offense." 749 S.W.2d at 422. In so stating, the Missouri court relied on a dissenting opinion in *Brown* regarding whether temporal or spatial proximity may be considered in determining if more than one offense was committed, *id.* (citing *Brown,* 432 U.S. at 171, 97 S.Ct. at 2228 (Blackmun, J., dissenting)), but ignored the Supreme Court's holding in *Brown* that time and space are irrelevant to a double jeopardy determination, 432 U.S. at 169, 97 S.Ct. at 2227. It thus adopted a holding contradictory to the Supreme Court's view. The Missouri court did not analyze the claim under *Blockburger* and never compared the elements of the stealing and first-degree tampering statutes. In 1977, well before McIntyre's case arose, Missouri codified the

*Blockburger* test and has since statutorily required a court to consider the elements of the offenses when determining whether one offense is a lesser included offense of another. *See* Mo.Rev.Stat. § 556.046 (Supp.1994); *see, e.g., State v. Villa–Perez,* 835 S.W.2d 897, 903 (Mo.1992) (en banc) (stating that section 556.046 codified the lesser included offense test announced in *Blockburger* ). The Missouri court did not follow this statutory mandate in its opinion in McIntyre's case.

Although federal courts considering habeas matters must apply the state court's interpretation of state law, federal courts are not required to follow the state case if the construction would have an unconstitutional effect on the defendant. *Cokeley v. Lockhart,* 951 F.2d 916, 919 (8th Cir.1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 296, 121 L.Ed.2d 220 (1992). We are satisfied that the Missouri appellate court's decision is an inadequate analysis of the double jeopardy issue involved in determining whether first-degree tampering is a lesser included offense of stealing. Indeed, it does not come to grips with the issues, and thus it is not a constitutionally valid analysis of this issue which is binding upon us.

The Missouri Supreme Court has not decided whether first-degree tampering is a lesser included offense of stealing. We are convinced that if the Missouri Supreme Court were to consider the issue, it would determine that first-degree tampering is a lesser included offense of stealing. We reach this conclusion because those cases that have squarely dealt with the statutory elements of first-degree tampering have correctly recognized and articulated the elements that were submitted to the jury in McIntyre's tampering case, and we believe the Missouri Supreme Court would reject the analysis made by the Missouri Court of Appeals in McIntyre's case. It is our obligation to analyze this issue de novo, particularly as it involves the interpretation of Missouri statutes, to determine the statutory elements of the two offenses, and to determine whether the one may be the lesser included offense of the other.

Applying the *Blockburger* test, we compare tampering in the first degree with stealing as defined by the Missouri statutes to determine if each statute requires proof of an element that the other does not. *See* 284 U.S. at 304, 52 S.Ct. at 182. McIntyre argues that the offense of stealing contains all of the elements required in the first-degree tampering offense. Specifically, he argues that a defendant cannot be guilty of stealing an automobile in Missouri unless he is also guilty of tampering in the first degree because stealing contains the two elements of first-degree tampering with the additional element of intent to deprive.

The same elements test, the sole standard we must apply in double jeopardy cases like the one before us today, requires that "*each* offense contain an element not contained in the other." *Dixon*, —— U.S. at ——, 113 S.Ct. at 2856. Here, *each* offense does not require proof of an additional element that the other does not and, therefore, they are not separate offenses under *Blockburger*.[7] Only the stealing offense contains an element—the requirement of an intent to permanently deprive the owner—which is not included in the first-degree tampering statute. There is simply no element in the tampering statute to be proven that is not a part of the stealing statute. Because a person cannot steal a vehicle without also tampering with it in the first degree, the two offenses must be considered the "same" for purposes of *Blockburger*.

For the foregoing reasons, we reverse and remand to the district court with directions to grant McIntyre's writ of habeas corpus, and vacate the stealing conviction.

---

**7.** We recognize that in *McIntyre II* we made a statement to the contrary, *see* 975 F.2d at 443. This statement is contrary to other statements in that opinion, which we have set out above. *See supra*, at 340–41. Our statements to the contrary in the vacated opinion in *McIntyre II* were simply wrong, and comparing the elements in first-degree tampering and stealing demonstrates as much.