**STATE of Missouri, Respondent,**

**v.**

**Clifford DELOCH, Appellant.**

**No. 44424.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 16, 1982.

Joseph W. Downey, Public Defender, Henry Robertson, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant appeals from his conviction, by a jury, of the crime of stealing a motor vehicle, § 570.030 RSMo. 1978, upon which he was sentenced to a term of seven years, § 558.011 RSMo. Supp.1981. We affirm.

At about 1:45 a. m. on August 26, 1980, two St. Louis Police officers drove to the 5600 block of Hebert in response to a call that someone was tampering with an automobile. When they arrived they saw defendant, holding a jack handle, standing by the driver's side of a blue 1969 Mercury. The hood of the Mercury was raised. When defendant saw the officers he placed the jack handle through the open window of the Mercury. At this point the officers did not know whether defendant was engaged in the commission of a crime or was simply working on his car. They testified, however, that they would not have allowed defendant to leave without first verifying ownership of the car. One of the officers asked defendant his name and where he lived. He told them his name and that he lived at the house in front of which they were standing. The officer then asked defendant who owned the Mercury and defendant replied that he owned the car. The officer checked ownership of the Mercury, by license plate number, on his police radio.

Upon learning that defendant was not the owner, the officer arrested him.

Inspection of the Mercury revealed that the battery, floor mats, spare tire and front wheels were missing, and the ignition switch and the trunk lock had been removed. A red Chevrolet was parked behind the Mercury. Inspection of the red Chevrolet revealed a car battery, floor mats, three wheels, a "dent puller" (a device which can be used to remove ignition switches and trunk locks) and various other items. The owner of the Mercury identified these items as having been taken from the Mercury. He further testified that he had parked the Mercury in front of his house in the 3600 block of North Taylor at 8:00 on the evening of the 25th, and that he had not given anyone permission to move his car from there to the 5600 block of Hebert.

Defendant's first point on appeal concerns the admission into evidence of statements made by defendant prior to his arrest. Before trial, defense counsel moved to suppress all statements made by defendant up until the time he was read his rights after his arrest. The court ordered all such statements suppressed, but during trial modified this ruling. At trial the court allowed into evidence statements made by defendant up until the time the officer checked the ownership of the Mercury by radio. Thus, defendant's statement to the officers that he owned the Mercury was allowed into evidence at trial. Defendant contends on appeal that the statements allowed into evidence were the product of custodial interrogation and that their use was forbidden by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Our supreme court faced and refuted this contention in a factually similar case, *State v. Hale*, 463 S.W.2d 869 (Mo. 1971). There the court held that an unexpressed intention on the part of the officer to detain for questioning does not convert an "on the scene" questioning to a "custodi-

al interrogation" as those terms are used in *Miranda.* Custodial interrogation does not begin until the police have both reasonable grounds to believe that a crime has been committed and that defendant committed it. *State v. Pierce,* 556 S.W.2d 216, 218 (Mo.App.1977). The officers' observations, and defendant's answers, did not give them reasonable grounds to believe either. Only after the officer learned on his radio that the Mercury belonged to someone else did he have the necessary information to focus on defendant as a suspect in the theft of the car. The trial court did not err in allowing into evidence statements made by defendant before the radio check.

In his second point on appeal defendant contends the court erred in refusing to instruct the jury on the offense of tampering in the second degree, § 569.090 RSMo. 1978, because the evidence supported such an instruction.

Defendant was charged with stealing a motor vehicle, defined in § 570.030.1 RSMo. 1978, as appropriating[1] the property of another with the purpose to deprive the other thereof either without the other's consent or by means of deceit or coercion. If the property is a motor vehicle, § 570.030.-2(3)(a) RSMo. 1978 makes the crime a felony.

Section 569.090 RSMo. 1978 defines the crime of tampering in the second degree, a class A misdemeanor. Subsection (1) of that section makes it a crime to tamper[2] with the property of another for the purpose of causing substantial inconvenience to that person, while subsection (2) makes it a crime to unlawfully operate or ride in or upon another's automobile. Defendant offered instructions based upon these sections and the court refused to submit them to the jury.

Defendant's argument on appeal is that stealing requires the intent to deprive the owner of the property, while tampering does not, that the jury could have concluded that defendant did not so intend, and could have found defendant guilty of only tampering.

This contention would have some merit if there were evidence to support the theory that defendant intended to return the car. *See, State v. Hines,* 595 S.W.2d 762, 764 (Mo.App.1980); *State v. Decker,* 591 S.W.2d 7, 12 (Mo.App.1979); *State v. Sturgell,* 530 S.W.2d 737, 739 (Mo.App.1975). There is no such evidence here. Defendant did not testify. The state's evidence showed that defendant had taken the car from the 3600 block of North Taylor to the 5600 block of Hebert, where he was in the process of stripping it. Defendant had already removed the battery, wheels, and floor mats and pulled out the ignition and trunk locks. If the state's evidence were believed, defendant clearly intended to deprive the owner of the car. If the state's evidence were not believed, defendant was entitled to acquittal. The jury believed the state's evidence. We see no error in failing to instruct on tampering.

Judgment affirmed.

SNYDER and CRIST, JJ., concur.

---

1. "Appropriate" means to take, obtain, use, transfer, conceal or retain possession of, § 570.010(3) RSMo. Supp.1981.

2. Section 569.010(7) RSMo. 1978 provides that "to tamper" means "to interfere with something improperly, to meddle with it, displace it, make unwarranted alterations in its existing condition, or to deprive, temporarily, the owner or possessor of that thing."