STATE of Missouri, Respondent,

v.

Joseph Elwood ST. CLAIR, Appellant.

No. WD 33020.

Missouri Court of Appeals,
Western District,
Division One.

Oct. 5, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Nov. 30, 1982.

McFadin & White, F.A. White, Jr., Thomas C. Fincham, Richard E. McFadin, North Kansas City, for appellant.

John Ashcroft, Atty. Gen., William K. Haas, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and WASSERSTROM and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a jury conviction for stealing in violation of § 570.030, RSMo.1978. The judgment is affirmed.

■ Four points are presented which in summary charge the trial court erred (1) in its failure to sustain appellant's motion for new trial because the verdict was against the weight of the evidence,[1] (2) in submitting an instruction, (3) in failing to instruct on the lesser and included offense of tampering, second degree, property damage, second degree, and property damage, third degree, and (4) in failing to instruct on the intent required to constitute the crime of stealing.

Appellant was charged with stealing by deceit. The case was transferred on a change of venue to Harrison County. The record reveals one Leila Smoot met appellant about a year prior to the offense. Smoot testified appellant asked and persuaded her to drive an automobile and stage a collision with his own automobile to obtain insurance monies. Smoot testified that on the morning of August 5, 1980, she met appellant for coffee and he agreed to pay her $50 for helping him. She agreed. Appellant drove Smoot to French Motors and asked her to go in and get an automobile. She refused because she stated she was afraid. Appellant then drove Smoot to his daughter's house. The daughter, Joanne Cope, and Smoot had never met. The three discussed getting an automobile. Smoot and Cope drove to French Motors. At French Motors, Cope did all the talking. Cope and Smoot talked with Leroy Soperla about buying an automobile. They first inquired about a pickup truck, but it was inoperable and the discussion centered upon a 1969 Cadillac. The two women told Soperla that they wanted an automobile for under $1,000. Soperla told them that they could drive the Cadillac around the block. Cope returned home. Smoot drove off in the Cadillac. Smoot met appellant and told him she did not want to do it. Nonetheless, the evidence shows that Smoot drove the Cadillac and appellant drove a blue station wagon out to a gravel road. Appellant parked his station wagon in neutral, and without the emergency brake on, at an angle to the road near a big role in the roadway ditch area. Smoot further testified that appellant punctured the right front tire of the Cadillac with a sharp instrument. Smoot testified that she was going to drive around appellant's automobile instead of hitting it, but as she drove, the right front tire went flat and jerked the Cadillac across the road and it struck appellant's automobile. After the collision, appellant went looking for help.

The highway patrol was summoned to the scene. A tow truck arrived. The operator of the tow truck observed appellant's station wagon in a ravine near the road. He testified that the station wagon was in neu-

---

[1] Appellate courts do not weigh the evidence. Appellate courts are limited to determining if there is substantial evidence from which reasonable persons could find the accused guilty. *State v. Harris,* 602 S.W.2d 840 (Mo.App.1980).

tral, the emergency brake was off, and that, if the station wagon had been in gear with the emergency brake on, it would not have rolled. He observed no skid marks.

The trooper who investigated the scene testified that the Cadillac had damage to the right front, the right front tire was flat and had a large gash in the sidewall. He testified that appellant's station wagon was totalled. He observed no skid marks. The trooper interviewed appellant and, according to the trooper, appellant stated that he was "walking up the gravel road when the Cadillac passed him going south and then he heard a tire blow out, and then heard a crash and turned around and saw that the Cadillac had struck his automobile". The trooper also testified that appellant stated that he did not "... hear any tire noise".

A forensic scientist testified that he had examined the tire front of the right front of the Cadillac and found that the cords had been cut smoothly with a sharp instrument and were not "torn" as if the tire had blown.

The value of the Cadillac was fixed between $400. and $800. The damage to the Cadillac was fixed at $900 to $1,000.

Evidence for the defense included one Warren Cooper and appellant's son, both of whom testified that they observed appellant in Chillicothe, Missouri, the morning of August 5, 1980. The time of the offense was placed at between 10:00 a.m. and before noon. Cooper and appellant's son testified that they saw appellant at about 10:00 a.m. According to the evidence, Chillicothe is some 35–50 miles from the scene of the offense.

Appellant testified that he had never met Smoot. He testified that he left Chillicothe a little past 10:00 a.m. en route to the Wal-Mart Store in Cameron, Missouri. He stated that his station wagon had quit running on the gravel road and, as he started walking the Cadillac came by, he heard it hit bumps in the road and then he heard a "Bam". He stated that the Cadillac had passed once before while he was working on

his station wagon. Appellant testified that his station wagon had quit running and he had coasted it to a shady spot. He put on the emergency brake about half-way on and left the gear in neutral because he was trying to start it.

The jury returned its guilty verdict and assessed punishment at one year in the county jail. After the trial court overruled his motion for a new trial, this appeal followed.

■ As regards point (1), it is ruled against appellant. The evidence upon the record was substantial to support the jury's verdict and finding that Smoot, at appellant's request, made false representations to Soperla in order to secure the Cadillac. The evidence was substantial to support the jury's verdict and finding that Smoot, at appellant's request, appropriated the Cadillac with the intent and purpose of depriving the owner thereof. The evidence satisfied the requirements of the statute. Section 570.030, RSMo 1978 provides:

"570.030. *Stealing.*

1. A person commits the crime of stealing if *he appropriates property or services of another with the purpose to deprive him thereof either without his consent or by means of deceit or coercion.*

2. Stealing is a Class C felony if

(1) The value of the property or services appropriated is one hundred fifty dollars or more or

(2) The actor takes the property appropriated from the person of the victim or

(3) The property appropriated consists of:

(a) *Any motor vehicle, watercraft, or ...2"* (Emphasis added).

Section 570.010, RSMo 1978, the definition section applicable to § 570.030, supra, provides:

(3) "Appropriate" means to take, obtain, use, transfer, conceal, or retain possession of

and,

.   .   .   .   .

2. Section 570.030 has been amended since this

offense occurred, Laws *1981, S.B. 202, § 1.*

(8) "Deprive" means

(a) To withhold property from the owner permanently, or

(b) To restore property only upon payment of reward or other compensation, or,

(c) To use or dispose of property in a manner that makes recovery of the property by the owner unlikely."

As noted above, the evidence upon this record brings appellant's actions within the statute. Appellant contends that the evidence fails to prove appellant had the purpose to deprive the owner (French Motors) of the property (§ 570.030.1, supra). Appellant arrives at this conclusion by referring this court to the testimony of Smoot, stating that, after the collision, appellant went down the road to the intersection with Highway 36, stopped a passing motorist and asked this motorist to summon help. From this, appellant concludes that, as a matter of law, his action in summoning help is "totally inconsistent with an intent to permanently deprive the owner of his property".

What appellant overlooks is that the determination regarding this testimony is a factual determination left to the jury as the trier of fact. In the first instance, the jury could have elected to disregard this evidence entirely. Secondly, and more importantly, it is just as reasonable to conclude from this evidence that appellant's report of the collision and his request for aid was in furtherance of the offense. This is a factual determination within the province of the jury and this portion of appellant's attack upon the verdict fails.

A further argument put forth by appellant contends that the representations by Smoot to Soperla *were in fact true* and not false as charged by the prosecution. Appellant argues that Smoot's representations dealt with her intent to test drive the Cadillac for her own purposes because she admitted that she went to the automobile lot to find a car for herself. Appellant is partially correct in that Smoot testified that, since she did not have an automobile, she was interested in buying one for under $1,000, however, appellant fails to acknowledge another portion of the Smoot testimony where she was asked, "What did you tell him [appellant] when he asked you to drive the car for him? I said, I would". On cross-examination, Smoot testified, in response to questions that her purpose in going to French Motors was not as part of a scheme with appellant, but for her own reason to look at a car for herself, "I went there also to look at a car". The obvious conclusions which can be drawn from the Smoot testimony is that she went to French Motors exclusively on appellant's behalf, or that she went there exclusively on her own behalf, or that she went there with a combined intention of looking for a car of her own and on appellant's behalf. The bottom line, as to the determination relative to this testimony, was one of fact within the exclusive province of the jury. The jury was at liberty to believe none, all, or varied portions of her testimony.

It cannot be concluded, as suggested by appellant, that, as a matter of law, the Smoot testimony showed that her representations to Soperla were true and that, in contrast, respondent failed to prove that Smoot made false representations to Soperla, as relied upon by the latter. The Smoot testimony was not inconsistent with the jury's finding that Smoot went to French Motors to further appellant's actions.

There is no merit to point (1) and it is ruled against appellant.

Under point (2), appellant attacks a verdict directing instruction which appellant contends required the jury to find the representations by Smoot as false. The instruction reads as follows:

*"INSTRUCTION NO. 5:*

If you find and believe from the evidence beyond a reasonable doubt:

First, that on the fifth day of August, 1980, certain persons with the aid or attempted aid of defendant committed or attempted to commit the offense of stealing property in the charge of Leroy Soperla, and

Second, that the defendant, either before or during the commission or attempted commission of the offense of stealing with the purpose of promoting the commission, aided such other persons in planning, committing, or attempting to commit that offense, and

Third, on the fifth day of August, 1980, in the County of Caldwell, State of Missouri, that Leila Lea Smoot appropriated a 1969 Cadillac in the charge of Leroy Soperla, and

Fourth, that Leila Lea Smoot did so by means of deceit in that Leila Lea Smoot purposely represented to Leroy Soperla that she would take the 1969 Cadillac on a test drive and return it to the charge of Leroy Soperla, which representation was false and which Leila Lea Smoot knew to be false at the time it was made and that Leroy Soperla relied on said representation as a matter of fact to give Leila Lea Smoot possession of the 1969 Cadillac, and

Fifth, that Leila Lea Smoot in such manner obtained such property for the purpose of using or disposing of it in such a way that made recovery of it by the owner unlikely, and

Sixth, that the property so appropriated had a value of at least one hundred and fifty dollars.

then you will find the defendant guilty of stealing."

Appellant's attack upon the foregoing is based exclusively on the assumptions or conclusions that the evidence failed to prove the representations by Smoot to Soperla were not false. There is no need to recount either the evidence or the reasoning applicable to this question as it has been set forth with this court's disposition of point (1) above. It can be observed that the foregoing instruction is in conformity to MAI CR 2d 2.10.

There is no merit to point (2) and it is ruled against appellant.

Under point (3), appellant charges trial court error in failing to instruct the jury on the lesser included offenses of (a) tampering, second degree, (b) property damage,

second degree, and (c) property damage, third degree.

■ Appellant states correctly, that before a lesser included offense instruction is given, there must be evidence to support it. *State v. Leigh,* 466 S.W.2d 685 (Mo.1971). From this correct principle of law, appellant contends that the evidence upon this record shows appellant was not guilty of stealing. In support of this conclusion, appellant argues that the evidence failed to prove any intention to permanently deprive the owner of his property, the representations by Smoot to Soperla were true and that the staging of the collision coupled with appellant's summons for help made recovery of the property certain. From this, appellant contends that the rule in *Leigh,* supra, has been met and the court erred in failing to instruct on the lesser included offenses.

Appellant's point (3) fails for the following reasons. Appellant was charged, tried, and the jury was instructed on the offense of stealing. Section 570.030, *supra,* provides: "A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion."

Section 569.090, RSMo 1978 provides:

"Section 569.090. Tampering in the Second Degree

1. A person commits the crime of tampering in the second degree if he:

(1) tampers with property of another for the purpose of causing substantial inconvenience to that person or to another, or

(2) unlawfully operates or rides in or upon another's automobile, airplane, motorcycle, motor boat or other motor-propelled vehicle; or

(3) tampers or makes connections with property of a utility."

Section 569.110 RSMo 1978 provides:

"Section 569.110. Property Damage in the Second Degree.

1. A person commits the crime of property damage in the second degree if:

(1) He knowingly damages property of another to an extent exceeding five hundred dollars; or

(2) He damages property to an extent exceeding five hundred dollars for the purpose of defrauding an insurer."

Section 569.120 RSMo 1978 provides:

"Section 569.120. Property Damage in the Third Degree.

1. A person commits the crime of property damage in the third degree if:

(1) He knowingly damages property of another; or

(2) He damages property for the purpose of defrauding an insurer."

■ When §§ 570.030, 569.090, 569.110, and 569.120 are compared, it cannot be said (absent consideration of the applicable evidence) that the elements prescribed by § 570.030, *supra,* encompass the elements of § 569.090, § 569.110, and § 569.120. The decisional authority for determining this question was stated in *State v. Amsden,* 299 S.W.2d 498, 504 (Mo.1957), where the Supreme Court declared:

". . . . If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater."

■ In addition to the foregoing, the evidence upon the record did not warrant the giving of the lesser included offenses. In the first place, the representations by Smoot to Soperla have already been discussed and, although contested by appellant, the evidence supports a finding that those representations were false.

Secondly, as discussed above, it is not correct although argued contra by appellant, that the only conclusions which could be reached by a jury is that appellant did not intend to permanently deprive French Motors of the Cadillac and that the recovery of it would be certain by appellant's summons for aid. The evidence reveals that the total damage to the Cadillac ex-

ceeded its claimed worth. This damage had occurred prior to a summons for aid plus it was reasonable to infer that the summons for aid was to merely further appellant's act of stealing within the statute. There is no merit to point (3) and it is ruled against appellant.

Under his final point (4), appellant charges trial court error in failing to give an instruction on the intent required to constitute the offense of stealing. Reference is made to the above instruction and it will not again be set forth in disposition of the final point. It suffices to point out that the instruction contains the element of a culpable mental state. The instruction required the jury to find that appellant ". . . . *either before or during the commission or attempted commission of the offense of stealing with the purpose of promoting the commission, aided such other persons in planning, committing, or attempting to commit that offense. . . .*" The instruction further provided, ". . . *Smoot in such manner obtained such property for the purpose of using or disposing of it in such a way that made recovery of it by the owner unlikely.*" What both the evidence and the court's instruction provided was that, if an aider is believed by a jury or fact finder to be guilty of a particular offense, the aider must aid another or others with the conscious object of causing that offense. A finding that the aider had this intent is equivalent to finding that the aider and active participant shared a common interest or purpose". *State v. White,* 622 S.W.2d 939, 945 (Mo. banc 1980).

■ Appellant's point (4) is dispelled by a review of the evidence and review of the instruction. This court finds, although appellant suggests the contrary conclusion, that the evidence supports a finding that appellant had the requisite intent to deprive French Motors permanently of the Cadillac and further, that the instruction properly instructed the jury it must find that appellant acted with a culpable mental state. The trial court did not err in failing to separately instruct the jury upon intent.

There is no merit to appellant's point (4) and it is ruled against him.

For the reasons set forth herein, the judgment is in all respects affirmed.

All concur.