**STATE of Missouri, Respondent,**

v.

**Larry E. SMITH, Appellant.**

**No. WD 33710.**

Missouri Court of Appeals,
Western District.

May 31, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Overruled and Denied Aug. 2, 1983.

Application to Transfer Denied Sept. 20, 1983.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P.J., and PRITCHARD and KENNEDY, JJ.

TURNAGE, Presiding Judge.

Larry E. Smith was found guilty by a jury of stealing without consent, § 570.-030.1 RSMo 1981.[1] Pursuant to the verdict of the jury the court sentenced him to four years imprisonment.

Smith raises the single point that the court erred in refusing his instruction on tampering in the second degree, § 569.090.-1(2). Affirmed.

1. All other sectional references are to Missouri's Revised Statutes, 1978, unless otherwise indicated.

Smith does not contest the sufficiency of the evidence to support the finding of guilt by the jury of stealing. The evidence would allow the jury to find that Smith met Detective Sharp, of the Kansas City Police Department, in July of 1981 at the police station on 27th Street. The meeting was to allow Smith to recover property belonging to him. Detective Sharp had been assigned an unmarked police car for his use that day and the keys to such car were on his desk at the police station. After Smith left, Sharp noticed that the keys to the police car were gone.

The police car was unmarked, but it did have an antenna on the trunk for the radio, a spotlight on the drivers side, and red lights behind the grill.

Shortly after Sharp missed the keys to his car, a patrolman noticed an unmarked police car pulling out of the parking lot of a bar in the vicinity of the police station. When the driver of the unmarked car failed to acknowledge a generally followed recognition procedure among police officers, the patrolman followed the car.

After the patrolman radioed the dispatcher to ascertain if a police car had been reported missing, the lights of the unmarked car were turned off and the car accelerated. The patrolman lost the car but shortly thereafter located it parked at the end of a driveway between two houses. When the patrolman focused his spotlight on the car, the occupant jumped out and ran. The patrolman radioed a description of the occupant and a person matching the description was arrested shortly thereafter nearby. The patrolman went to the scene of the arrest and found Smith in custody and identified him as the person who had been driving the police car. In addition, Smith's fingerprints were found on the outside of the door on the drivers side of the unmarked car.

The court instructed the jury on stealing, but refused the instruction offered by Smith on tampering in the second degree. Smith now contends the refusal of that instruction was error because tampering in the second degree is a lesser-included offense of stealing. So far as applicable here, stealing is defined under § 570.030 as follows:

1. A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion.

\* \* \* \* \* \*

3. Stealing is a class C felony if:

\* \* \* \* \* \*

(3) The property appropriated consists of:

(a) Any motor vehicle, watercraft or aircraft; . . .

\* \* \*.

The word "appropriate" is defined by § 570.010(3), to mean "to take, obtain, use, transfer, conceal or retain possession of." The word "deprive" is defined by subsection (8) of § 570.010 to mean:

(a) To withhold property from the owner permanently; or

(b) To restore property only upon payment of reward or other compensation; or

(c) To use or dispose of property in a manner that makes recovery of the property by the owner unlikely;

The offense of tampering in the second degree is defined by § 569.090 as follows:

1. A person commits the crime of tampering in the second degree if he:

(1) Tampers with property of another for the purpose of causing substantial inconvenience to that person or to another; or

(2) Unlawfully operates or rides in or upon another's automobile, airplane, motorcycle, motorboard, or other motor-propelled vehicle; . . .

\* \* \* \* \* \*

2. Tampering in the second degree is a class A misdemeanor. . . .

Section 569.010(7) defines "to tamper" as "to interfere with something improperly, to meddle with it, displace it, make unwarranted alterations in its existing condition, or to deprive, temporarily, the owner or possessor of that thing."

In *State v. Harris,* 620 S.W.2d 349, 355[8–10] (Mo. banc 1981), the court quoted from *State v. Fleming,* 528 S.W.2d 513, 515 (Mo. App.1975), as follows:

An instruction on a lesser offense is not proper unless it is impossible to commit the greater without first committing the lesser, for otherwise the lesser is not properly a lesser offense to the greater.

The *Harris* court further noted at page 354–55 that "[t]o be a necessarily included offense it is essential that the greater offense include all of the legal and factual elements of the lesser."

Comparing the legal and factual elements of stealing and tampering in the second degree it is apparent that they differ in that stealing requires appropriation of property with the purpose to deprive the owner of the property or to restore the property only on payment or reward or to use the property so that the recovery by the owner is unlikely. In short, stealing requires an intent to deprive the owner permanently of the property unless it is held for reward. On the other hand the intent in tampering is only to deprive the owner of the property temporarily.

It is apparent that the intent required to prove stealing differs substantially from the intent required to prove tampering in the second degree. For that reason tampering in the second degree cannot be a lesser-included offense of stealing. *Harris* at 355[11, 12].

In *State v. St. Clair,* 643 S.W.2d 605, 610[4] (Mo.App.1982), this court concluded that tampering in the second degree is not a lesser-included offense of stealing. This court reaffirms that holding.

Smith relies on *State v. Deloch,* 628 S.W.2d 954, 956[3] (Mo.App.1982), as hold- ing that tampering in the second degree is a lesser-included offense of stealing. *Deloch* did not so hold, but only held there was not any evidence to support a submission of tampering in the second degree even if that offense were a lesser-included offense of stealing.

Because of the requirement that stealing requires evidence that the defendant intended to deprive the owner permanently of his property, except when it is held for reward, while tampering in the second degree requires an intent to deprive the owner of his property only temporarily, this court reaffirms the holding in *St. Clair* that tampering in the second degree is not a lesser-included offense of stealing.

The judgment is affirmed.

All concur.