Thomas PEIFFER, Appellant,

v.

STATE of Missouri, Respondent.

No. SC84307.

Supreme Court of Missouri,
En Banc.

Oct. 8, 2002.

Rehearing Denied Nov. 26, 2002.

Douglas R. Hoff, Assistant State Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea M. Follett, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.[1]

Thomas Peiffer pleaded guilty in the circuit court of St. Louis City to tampering

---

1. This Court transferred this case after an opinion by the Court of Appeals, Eastern Dis-

in the first degree in violation of section 565.070.[2] He subsequently pleaded guilty in the circuit court of St. Louis County to stealing in violation of section 570.030. The parties agree that both crimes involved the taking and possession of the same 1999 Saturn automobile. Peiffer filed this action in St. Louis County pursuant to Rule 24.035. Along with other claims, his motion asserted that his right to be free from double jeopardy barred conviction of the stealing offense. The motion court denied relief, finding that the offenses were not the same offense for purposes of double jeopardy. Because the offenses are the same for double jeopardy purposes, the judgment is affirmed in part and reversed in part. Peiffer's stealing conviction is vacated.

A guilty plea does not waive a subsequent claim of a double jeopardy violation if it can be determined from the face of the record that the sentencing court had no power to enter the conviction or impose the sentence. *Bass v. State*, 950 S.W.2d 940, 946 (Mo.App.1997). In making this determination, the record that a reviewing court may consider in a case involving a guilty plea consists solely of the State's information or indictment and the transcript of Peiffer's guilty plea. *Id.*

The record shows that Peiffer stole an automobile on October 17, 1998, from an auto dealership in the county. On December 15, 1998, he was charged in the city with tampering in the first degree in violation of section 569.080, alleging that the crime had occurred on October 19, 1998. The parties stipulate that Peiffer pleaded

guilty to the city charge of tampering on March 23, 1999, but sentencing was continued for a pre-sentence investigation.

Thereafter, on July 12, 1999, Peiffer was charged in the county with violating section 570.030 by stealing the same automobile. On November 16, 1999, Peiffer pleaded guilty to four county charges of stealing, including stealing the automobile in question,[3] and was sentenced to four concurrent seven-year terms.

On March 31, 2000, four months after pleading guilty and being sentenced in the county for stealing the automobile, Peiffer was sentenced in the city to 173 days in prison on the guilty plea he had entered a year earlier for first-degree tampering with the same automobile.

Peiffer alleges that his motion for post-conviction relief was meritorious in four respects and that he was entitled to an evidentiary hearing. First, he contends that in this case tampering and stealing were the same offense for double jeopardy purposes, thereby prohibiting the city and county from prosecuting him for both of them. Second, he claims that, under double jeopardy principles, the county lost subject matter jurisdiction to charge or convict him of stealing the automobile in question once he pleaded guilty to first-degree tampering in the city with regard to the same automobile. Third, he asserts that he received ineffective assistance of counsel when entering his plea to stealing in the county because his attorney did not move to dismiss the charge on grounds that it violated his constitutional right

---

trict, authored by the Honorable Mary Rhodes Russell. *Mo. Const. article V, section 10.* Portions of Judge Russell's opinion are incorporated without further attribution.

**2.** All statutory references are to RSMo 2000. Although the crimes occurred in 1998, the statutes are unchanged.

**3.** The other three stealing charges were unrelated to the automobile theft and included stealing shirts from one store and stealing videocassette recorders from another store on two separate occasions.

against double jeopardy. Finally, he alleges that his attorney incorrectly told him that if he pleaded guilty and received concurrent sentences, the conditional release date in another sentence would not be affected.

■ Intrinsic to the first three of Peiffer's claims is the concept of double jeopardy. The Fifth Amendment to the United States Constitution establishes that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Fourteenth Amendment renders this protection against double jeopardy applicable to the states. *State v. Heslop*, 842 S.W.2d 72, 74 (Mo. banc 1992). This constitutional safeguard protects defendants from successive prosecutions for the same offense after an acquittal or conviction and prohibits multiple punishments for the same offense. *Id.*

In his first point, Peiffer argues that first-degree tampering is a lesser-included offense of stealing. In *State v. McIntyre*, 749 S.W.2d 420 (Mo.App.1988), the defendant was charged and convicted by a jury of first-degree tampering. Approximately two months after he was sentenced, he was charged with stealing based on the same taking of the same automobile for which he had been convicted of tampering. *Id.* at 421. He directly appealed the stealing charge on the grounds that it violated his right to be protected from double jeopardy because he had already been tried and convicted of tampering with the same vehicle for which the stealing charge was levied. *Id.* at 421–22.

*McIntyre* found that the stealing charge did not violate the defendant's rights against double jeopardy under prior Missouri appellate court decisions concluding that tampering is not a lesser-included offense of stealing. The court cited to four cases to support this result: *State v. Souders*, 703 S.W.2d 909 (Mo.App.1985); *State v. Gobble*, 675 S.W.2d 944 (Mo.App.1984); *State v. Rivers*, 663 S.W.2d 255 (Mo.App. 1983); *State v. Smith*, 655 S.W.2d 626 (Mo.App.1983). But, *McIntyre* failed to note that, in contrast to the case before it, in which the original charge was *first-degree* tampering, in *Souders, Gobble, Rivers,* and *Smith*, the crime argued to be a lesser-included offense of stealing was *second-degree* tampering. *Souders*, 703 S.W.2d at 911; *Gobble*, 675 S.W.2d at 948–49; *Rivers*, 663 S.W.2d at 256; and *Smith*, 655 S.W.2d at 627.

First-degree tampering is defined in section 569.080:

1. A person commits the crime of tampering in the first degree if:

. . . .

(2) He knowingly receives, possesses, sells, alters, defaces, destroys or unlawfully operates an automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle without the consent of the owner thereof.

2. Tampering in the first degree is a class C felony.

In comparison, second-degree tampering is defined in section 569.090, which provides in pertinent part:

1. A person commits the crime of tampering in the second degree if he:

(1) Tampers with property of another for the purpose of causing substantial inconvenience to that person or to another; or

(2) Unlawfully rides in or upon another's automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle.

Section 569.010(7) defines "to tamper" as "to interfere with something improperly, to meddle with it, displace it, make unwarranted alterations in its existing condition,

or to deprive, temporarily, the owner or possessor of that thing."

Stealing is defined in section 570.030 as "appropriat[ing] property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion."

*McIntyre* contained no analysis of how the elements of first-degree tampering compare with those of stealing, yet it relied on *Smith* and its progeny's analysis of the elements of second-degree tampering to reach the conclusion that first-degree tampering could not be a lesser-included offense of stealing. The defendant in *McIntyre* subsequently applied for a writ of habeas corpus in federal court. The United States Court of Appeals for the 8th Circuit held that on the facts of that case first-degree tampering was a lesser-included offense of stealing as those crimes are defined under Missouri law. *McIntyre v. Caspari*, 35 F.3d 338, 344 (8th Cir.1994). The 8th Circuit's conclusion was reached by comparing the elements, as charged, of first-degree tampering and stealing under the test established in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180,

76 L.Ed. 306 (1932), which is codified at section 556.046 and known as the same elements test. *McIntyre*, 35 F.3d at 343–44. It noted that this Court had not addressed whether first-degree tampering was a lesser-included offense of stealing but assumed that if this Court analyzed the issue, it would conclude that first-degree tampering was a lesser-included offense of stealing. *Id.* at 343.

The analysis of whether first-degree tampering can be a lesser-included offense of stealing begins with section 556.041, which proscribes in some instances prosecuting a person with more than one offense resulting from the same conduct. Section 556.041 provides that when the same conduct by a person may establish the commission of more than one crime, the person may be prosecuted for each offense, with four exceptions.[4] The first exception is that a person may not be convicted of more than one offense if "one offense is included in the other, as defined in section 556.046." Section 556.041(1). Section 556.046, the codification of the *Blockburger* test, enumerates three instances in which an offense is a lesser-included offense.[5] Peiffer argues that his

**4.** Section 556.041 provides:
When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if
(1) One offense is included in the other, as defined in section 556.046; or
(2) Inconsistent findings of fact are required to establish the commission of the offenses; or
(3) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or
(4) The offense is defined as a continuing course of conduct and the person's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

**5.** Section 556.046 provides:

1. A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when
(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or
(2) It is specifically denominated by statute as a lesser degree of the offense charged; or
(3) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein.
2. The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

first-degree tampering charge in this case was a lesser-included offense of stealing because the first-degree tampering charge was "established by proof of the same or less than all the facts required to establish the commission of" stealing. Section 556.056.1(1).

■ The pertinent inquiry in double jeopardy claims like Peiffer's is whether "each offense contains an element not contained in the other; if not, the Double Jeopardy Clause bars a successive prosecution." *State v. Burns*, 877 S.W.2d 111, 112 (Mo. banc 1994). First-degree tampering occurs when a person "knowingly receives, possesses, sells, alters, defaces, destroys or unlawfully operates an automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle without the consent of the owner thereof." Section 569.080.1(2). In this case it was charged that Peiffer committed tampering by possessing an automobile without the consent of the owner. Stealing occurs when a person "appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion." Section 570.030.1. "Appropriate" is defined in section 570.010 as "to take, obtain, use, transfer, conceal or retain possession of."

■ In Peiffer's case, the county charged that he appropriated an automobile by retaining possession of it without the owner's consent. Thus, in this case to establish his guilt for stealing, the state would have been required to prove all of the elements of first-degree tampering augmented by proof that his unlawful possession of the vehicle occurred "with the

purpose to deprive" the owner of the property. Section 570.030.1. Because first-degree tampering under these facts "is established by proof of the same or less than all the facts required to establish the commission of" stealing, first-degree tampering is a lesser-included offense of stealing for double jeopardy purposes in this case.[6] To the extent *State v. McIntyre*, 749 S.W.2d 420 (Mo.App.1988), is to the contrary, it is overruled.

Peiffer's second point alleges that double jeopardy prevented the county from possessing jurisdiction to charge and convict him with stealing. Because the first-degree tampering was a lesser-included offense of stealing, the date on which jeopardy attached to Peiffer's prosecution determines whether the city's or the county's claim is precluded.

■ This Court adopts the rule, followed in many jurisdictions, that double jeopardy attaches to a guilty plea upon its unconditional acceptance. "[N]umerous other courts have reached the same conclusion." *State v. McAlear*, 519 N.W.2d 596, 599 (S.D.1994) (citations omitted). See also *Fransaw v. Lynaugh*, 810 F.2d 518, 523 (5th Cir.1987) (citing cases supporting the proposition that jeopardy attaches upon unconditional acceptance of a guilty plea); 5 Wayne R. LaFave et al., Criminal Procedure section 25.1(d) at 642 (1999); *but see Bally v. Kemna*, 65 F.3d 104, 107–08 (8th Cir.1995) (citing cases questioning the rationale of holding that jeopardy attaches upon acceptance of a guilty plea and declining to determine at what point jeopardy attaches to a guilty plea).

**6.** This case only involves first degree tampering as a lesser included offense of stealing when the tampering is based on possession. The Court expresses no opinion on whether tampering first degree is a lesser included offense of stealing when the tampering involves a different means of tampering, e.g., by receiving, selling, altering, defacing, destroying or unlawfully operating a vehicle.

■ Once defendant's guilty plea is unconditionally accepted, defendant is bound by the plea and is unable to withdraw it except in the exceptional circumstances set out in Rule 29.07(d), such as showing fraud, mistake, misapprehension, fear, persuasion, or holding out false hopes. *State v. Taylor*, 929 S.W.2d 209, 215 (Mo. banc 1996). While this means that jeopardy attaches before sentence is imposed, sentencing has never been a prerequisite to the attachment of jeopardy. To the contrary, if a defendant chooses to proceed to trial rather than to plead, jeopardy attaches once the jury is empaneled and sworn, long before a verdict is entered or a sentence is imposed. *State v. Fitzpatrick*, 676 S.W.2d 831, 834 (Mo. banc 1984). In any event, even though entry of a plea of guilty is not a conviction, consequences do attach to it. For instance, the mere unconditional acceptance of a guilty plea, in the absence of a conviction, is sufficient to invoke extended term provisions. Section 558.016. For all of these reasons, this Court holds that jeopardy attaches at the time of entry of an unconditional plea.

■ In this case, there were no conditions associated with Peiffer's plea in the city; therefore, jeopardy attached to the tampering charge when his guilty plea was entered. The county had no jurisdiction to prosecute him thereafter for stealing because he had already pleaded guilty to the lesser-included offense of first-degree tampering in the city for the same conduct.

■ Peiffer claims in his third point that his trial counsel was ineffective for failing to move for dismissal of the county's stealing charge against him on the basis that it violated his constitutional right against double jeopardy. In light of this Court's disposition of Peiffer's other claims, it is not necessary to discuss the merits of this point. It should be noted, however, that failure to predict a change in the law does not constitute ineffective assistance of counsel. *State v. Brown*, 902 S.W.2d 278, 298 (Mo. banc 1995); *O'Haren v. State*, 927 S.W.2d 447, 450 (Mo.App. 1996).

■ In his fourth point, Peiffer argues that he received ineffective assistance of counsel when entering his guilty plea because his attorney told him that if he pleaded guilty and received concurrent sentences, his date for earlier release on another sentence would not be affected. He claims that had counsel not misinformed him, he would not have pleaded guilty and would have proceeded to trial.

■ Appellate review of the denial of Peiffer's Rule 24.035 motion is confined to evaluating whether the motion court's findings are clearly erroneous. *Rule 24.035(k)*. To receive an evidentiary hearing on the motion, the movant must meet three requirements: (1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not conclusively refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant. *State v. Driver*, 912 S.W.2d 52, 55 (Mo. banc 1995).

■ If a conviction results from a guilty plea, any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made. *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997). Absent any one of these three prongs, no evidentiary hearing is required.

The motion court found unreasonable Peiffer's belief that he would receive credit in two cases for time served on an earlier case. Additionally, the motion court noted that Peiffer failed to allege that his attor-

ney specifically told him he would receive credit in this manner.

At the plea hearing, Peiffer testified that he understood the range for each stealing count to be one day in jail to seven years in the penitentiary, possibly accompanied by a fine of no more than $5,000. When asked whether any promises were made other than that he would receive concurrent sentences for the four guilty pleas entered that day for his four different stealing charges, he said no. Peiffer also affirmatively answered that his attorney had fully advised him of all the legal aspects of his cases, including his rights and the possible consequences of entering guilty pleas.

Peiffer failed to establish any facts not refuted by the record; therefore, he was not entitled to a hearing. Further, the motion court's findings on this issue were not clearly erroneous.

The motion court's judgment as to the stealing conviction is reversed, and Peiffer's conviction for stealing is vacated.[7] In all other respects, the judgment is affirmed.

LIMBAUGH, C.J., WHITE, WOLFF, BENTON, LAURA DENVIR STITH and PRICE, JJ. and RAHMEYER, Sp.J., concur.

TEITELMAN, J., not participating.