**STATE of Missouri, Appellant,**

v.

**Curtis K. KAMAKA, Respondent.**

**No. WD 69664.**

Missouri Court of Appeals,
Western District.

Feb. 24, 2009.

Jane Woods, Jefferson City, MO, for Appellant.

James R. Hobbs, Kansas City, MO, for Respondent.

Before LISA WHITE HARDWICK, P.J., VICTOR C. HOWARD, Judge and JOSEPH P. DANDURAND, Judge.

VICTOR C. HOWARD, Judge.

The State of Missouri ("the State") appeals from the order of the trial court granting Curtis Kamaka's motion to dismiss the State's information, which charged him with the crime of promoting child pornography. In its two points on appeal, the State claims that the trial court erred in granting Kamaka's motion to dismiss because the State's prosecution: (1) did not violate Kamaka's right to be free from double jeopardy, and (2) did not breach the plea agreement that Kamaka had entered into with the State. The order of the trial court is affirmed.

**Factual and Procedural Background**

Curtis Kamaka was initially charged in Clay County, Missouri, with one count of possessing child pornography in violation of section 573.037, RSMo 2000. Pursuant to a plea agreement he had entered into with the State, Kamaka pled guilty to the charge. The Clay County circuit court imposed a sentence of four years but suspended execution of the sentence and placed Kamaka on supervised probation for a period of five years. Subsequently, Kamaka was charged in Platte County with one count of promoting child pornography in violation of section 573.025, RSMo 2000. Kamaka filed a motion to dismiss the promotion charge, which the trial court granted on the basis of double jeopardy and the State's breach of the plea agreement.

Both the possession and promotion charges stemmed from an investigation led by Detective Mark Stephens of the Platte County Sheriff's Department. On January 12, 2007, Detective Stephens identified a computer located in Missouri that was offering to distribute child pornography over the internet by means of a file-sharing program. Detective Stephens successfully downloaded a video file from that computer and, upon viewing the file, discovered it to be child pornography. Detective Stephens then investigated the internet protocol address associated with the computer from which he downloaded the file and learned that the computer belonged to Kamaka, a resident of Clay County.

With the help of Clay County Deputy Sheriff Jeff Harman, Detective Stephens obtained a search warrant for Kamaka's home and executed the warrant on February 16, 2007. During the search, Detective Stephens found numerous movie files containing child pornography on Kamaka's computer and, more specifically, was able to locate the same file that he had downloaded on January 12, 2007, in Platte County. During an interview with Detective Stephens, Kamaka admitted that he had downloaded and viewed all of the videos containing child pornography located on his computer, he knew it was illegal to possess child pornography, and he shared

child pornography over the internet from his computer.

On February 17, 2007, Clay County charged Kamaka with one count of possession of child pornography premised upon his possession of video files on February 16, 2007. Kamaka pled guilty to the charge pursuant to a plea agreement in which the State agreed that it would not "file additional Clay County possession of child pornography charges" relating to the investigation. After Kamaka pled guilty to the Clay County possession charge, Platte County charged Kamaka with one count of promoting child pornography. Platte County alleged that Kamaka had disseminated child pornography on January 12, 2007, the day Detective Stephens had downloaded the movie file from Kamaka's computer.

In response to the Platte County charge, Kamaka filed a motion to dismiss for double jeopardy. Kamaka asserted that the possession of child pornography charge was a lesser-included offense of the promotion of child pornography charge and that, therefore, the successive prosecution for promotion following his guilty plea to the possession charge constituted a violation of Kamaka's right to be free from double jeopardy. Kamaka also argued that the State had agreed that it would not file any additional charges in connection with the investigation and that Platte County should be bound by the plea agreement made in Clay County.

After hearing arguments on Kamaka's motion to dismiss, the trial court in Platte County granted the motion and dismissed the promotion charge. The trial court first found that possession of child pornography was a lesser-included offense of dissemination of child pornography. The trial court further found that Platte County was bound by the plea agreement Kamaka entered into with Clay County and that it was appropriate to enforce the plea agreement by dismissing the promotion charge. This appeal by the State followed.

## Standard of Review

■ Whether an individual's right to be free from double jeopardy has been violated is a question of law, which an appellate court reviews *de novo*. *State v. Glasgow*, 250 S.W.3d 812, 813 (Mo.App. W.D.2008). When an appellate court's review is *de novo*, it need not defer to the trial court's determination of law. *State v. Williams*, 24 S.W.3d 101, 110 (Mo.App. W.D.2000).

## Discussion

■ In its first point on appeal, the State contends that the trial court erred in granting Kamaka's motion to dismiss upon the basis that the Platte County promotion charge violated Kamaka's right to be free from double jeopardy. The State first claims that double jeopardy is not implicated because the Clay County and Platte County charges were based on different conduct that occurred on different dates and involved separate pornographic materials. Even if the charges were based on the same conduct, the State next argues that the possession charge is not a lesser-included offense of the promotion charge.

■ The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." This provision, pursuant to the Fourteenth Amendment, applies to the states. *State v. McTush*, 827 S.W.2d 184, 186 (Mo. banc 1992) (citing *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)). The Double Jeopardy Clause "contains two distinct protections for criminal defendants: (a) protection from successive prosecutions for the same offense after either an acquittal or a conviction

and (b) protection from multiple punishments for the same offense." *State v. Flenoy,* 968 S.W.2d 141, 143 (Mo. banc 1998). Missouri courts have adopted the rule that "double jeopardy attaches to a guilty plea upon its unconditional acceptance." *Peiffer v. State,* 88 S.W.3d 439, 444 (Mo. banc 2002).

▮ In addition to the general principles relating to double jeopardy, section 556.041, RSMo 2000, provides certain limitations on convictions for multiple offenses. The provision states that:

> When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if
>
> (1) One offense is included in the other, as defined in section 556.046; or
>
> (2) Inconsistent findings of fact are required to establish the commission of the offenses; or
>
> (3) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or
>
> (4) The offense is defined as a continuing course of conduct and the person's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

§ 556.041. However, "if the defendant has in law and in fact committed separate crimes," multiple convictions are permissible. *Flenoy,* 968 S.W.2d at 143. Therefore, if each charge is founded on different conduct "or a separate *mens rea* is newly formed, the conduct gives rise to an additional crime." *State v. Tyler,* 196 S.W.3d 638, 641 (Mo.App. W.D.2006).

In Kamaka's case, Clay County initially charged him with violating section 573.037, which provides that "[a] person commits the crime of possession of child pornography if, knowing of its content and character, such person possesses any obscene material that has a child as one of its participants or portrays what appears to be a child as an observer or participant of sexual conduct." Platte County charged Kamaka with violating section 573.025, which states that a person commits the crime of first degree promotion of child pornography "if, knowing of its content and character, such person possesses with the intent to promote or promotes obscene material that has a child as one of its participants or portrays what appears to be a child as a participant or observer of sexual conduct."

Before addressing whether possession of child pornography is a lesser-included offense of the promotion of child pornography, the State argues that because the Clay County possession charge and the Platte County dissemination charge were based on different conduct occurring on different dates and involving different pornographic materials, the protections of double jeopardy are not implicated in this case. In differentiating the conduct providing the basis for each charge, the State notes that the Clay County charge was based on the files found in Kamaka's possession on February 16, 2007, and the Platte County charge was based on the dissemination of the file that occurred January 12, 2007. Additionally, the State asserts that the charges filed against Kamaka required two separate acts in that the dissemination charge required Kamaka "to post the images on the internet to make them available for others,"[1] and the pos-

---

1. Contrary to this assertion, the State does not allege that Kamaka actively disseminated

session charge only required him to have had the images within his dominion and control. Finally, the State claims that the charges involved different pornographic materials in that the Platte County charge alleged the dissemination of both digital images and movies and the Clay County charge only mentioned video clips.

Although the Clay County and Platte County charges against Kamaka involved two different dates, we find that there was only one act of possession, rather than two separate acts. The investigative reports in the record refer to only one specific file—the single movie file that Detective Stephens downloaded from Kamaka's computer and then subsequently located on Kamaka's computer.[2] We find it significant that both the possession and dissemination charges arose from Kamaka's possession of the same movie file. The fact that Kamaka did not download a different file containing child pornography but, rather, simply retained the same file that had been disseminated, undermines the State's assertion that Kamaka formed a new mens rea when he was found to possess the file one month after it had been disseminated.

Furthermore, Kamaka admits that he continuously possessed the same file from the time it was disseminated on January 12 until the police officers located it on his computer's hard drive on February 16. The State does not allege that Kamaka deleted the file from his computer or otherwise terminated his possession of the file and resumed possession at a later time. Nor does the State allege that Kamaka possessed the file for different reasons at

different times, such as possessing it on January 12 solely for the purpose of disseminating it to others and retaining possession on February 16 for his own purposes.

Kamaka's admission that he continuously possessed the same file also supports the conclusion that, in addition to the lack of a newly formed mens rea, no separate act was performed. The State alleges that a separate crime of possession was committed after the dissemination of the file. However, to commit the crime of possession of child pornography, Kamaka did not need to perform an additional act. His possession of the file merely continued without interruption from the time of dissemination until the officers found the file during the execution of the search warrant. We do not hold that the promotion and possession of child pornography can never constitute separate crimes but, rather, hold that on the facts of this case, Kamaka's subsequent possession did not give rise to an additional crime. Because Kamaka did not perform a different act or form a new mens rea in retaining the same file that was disseminated from his computer, his conduct constituted the "same conduct" for purposes of double jeopardy analysis.

■ As stated in section 556.041, "When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense" unless "[o]ne offense is included in the other, as defined in section 556.046."

---

the file by, for example, posting it on the internet or e-mailing it to another individual. Rather, the facts of this case show that by simply running a file-sharing program on his computer, Kamaka caused his files to become available for download by other members of the file-sharing program.

2. While the State argues that the charges against Kamaka were based on different pornographic materials, the charging instruments in each county reference only general categories such as "movies" or "video clips." These allegations are not specific enough to demonstrate that Kamaka was prosecuted on the basis of different materials.

Given our determination that the charges against Kamaka arose out of the same conduct, we must next address the State's argument that the trial court erred in finding that the possession of child pornography constitutes a lesser-included offense of the dissemination of child pornography. According to the State's argument, possession is not a lesser-included offense of dissemination because the possession and promotion statutes each require proof of an element that the other statute does not require.

A lesser-included offense is defined as an offense "that is 'established by proof of the same or less than all the facts required to establish the commission of the offense charged.'" *State v. Angle*, 146 S.W.3d 4, 11 (Mo.App. W.D.2004) (quoting § 556.046, RSMo 2000). In other words, "a 'lesser offense is not included in a greater unless it is impossible to commit the greater offense without first committing the lesser.'" *State v. Thompson*, 147 S.W.3d 150, 159 n. 3 (Mo.App. S.D.2004) (quoting *State v. Kirkland*, 684 S.W.2d 402, 406 (Mo.App. W.D.1984)). Missouri courts apply the "same-element" test, asking "whether each offense contains an element not contained in the other; if not, the Double Jeopardy Clause bars a successive prosecution." *State v. Burns*, 877 S.W.2d 111, 112 (Mo. banc 1994) (citing § 556.041 and § 556.046.1(1), noting that they appear to codify the "same-element" analysis of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). In applying this test, "we simply determine the elements of the offenses at issue and compare them.... If both offenses have elements that the other lacks, the guarantee does not bar the subsequent prosecution." *State v. Clark*, 263 S.W.3d 666, 671

(Mo.App. W.D.2008) (citation omitted). Additionally, this test requires that the court "focus on the statutory elements, rather than on the evidence adduced at trial." *Id.*

Section 573.037 states that a person has committed the crime of possessing child pornography "if, knowing of its content and character, such person possesses any obscene material that has a child as one of its participants or portrays what appears to be a child as an observer or participant of sexual conduct." Therefore, the elements of the crime of possession of child pornography require a defendant to: (1) have knowledge of the content and character of and (2) possess (3) obscene material (4) that has a child as a participant or portrays what appears to be a child as an observer or participant of sexual conduct. Section 573.025 states that a person has committed the crime of promotion of child pornography "if, knowing of its content and character, such person possesses with the intent to promote or promotes obscene material that has a child as one of its participants or portrays what appears to be a child as a participant or observer of sexual conduct." Therefore, the elements of the crime of promotion of child pornography require a defendant to: (1) have knowledge of the content and character of and (2) possess with intent to promote *or* promote (3) obscene material (4) that has a child as a participant or portrays what appears to be a child as a participant or observer of sexual conduct. Because Platte County chose to charge Kamaka with a specific form of promotion,[3] *i.e.* dissemination, the second element of the crime of promotion required Kamaka to possess with the intent to disseminate or disseminate child pornography.

---

**3.** Section 573.010(15) defines "promote" as "to manufacture, issue, sell, provide, mail, deliver, transfer, transmute, publish, distrib- ute, circulate, disseminate, present, exhibit, or advertise, or to offer or agree to do the same, by any means including a computer[.]"

As elements one, three, and four are clearly identical, both the State and Kamaka make arguments regarding the second element. The State claims that, while a charge alleging possession with the intent to promote would obviously include a possession element, a charge alleging that a defendant has actually promoted the material does not necessitate a showing of possession. Therefore, the State argues that each crime requires an additional element that the other does not because the crime of possession requires a defendant to "possess" the material, and the crime of promotion requires the additional element of promotion, but does not require that the defendant also possessed the material. To support its argument, the State points out that some of the terms encompassed by the statutory definition of "promote" do not require possession prior to promotion. As an example based on the term "advertise," which is included in the definition of "promote," the State observes that "a person could theoretically run an advertising campaign extolling the virtues of child pornography yet never possess any videos or images himself."

While the State's example may support an argument that possession is not a lesser-included offense of a promotion charge based on "advertising," the promotion charge against Kamaka specifically used the term "disseminate." Under the guise of addressing only the statutory elements rather than the facts of the case, the State's analysis of the "promotion" element encompasses every method included in the statutory definition of promote rather than addressing only the method charged. Be-

cause Platte County charged Kamaka with promoting child pornography by disseminating it, the relevant issue is whether one can disseminate child pornography without first possessing it, and not whether possession is a prerequisite for all of the terms included in the definition of "promote." [4]

In response, Kamaka argues that the dissemination of child pornography inherently requires a defendant to have first possessed it. At least one state has agreed with this argument, finding that possession of child pornography is a lesser-included offense of the dissemination of child pornography. *See State v. Bertsch,* 707 N.W.2d 660, 664 (Minn.2006). Additionally, we find a Missouri case employing reasoning similar to that of Kamaka to be instructive. *See State v. Derenzy,* 89 S.W.3d 472 (Mo. banc 2002). In that case, the Missouri Supreme Court held that possession of marijuana is a lesser-included offense of delivery of a controlled substance within 2,000 feet of a school. *Id.* at 474. The court reasoned that "[r]egardless of the method of transfer, one cannot deliver a substance without the power and intention to exercise dominion or control over the substance, necessitating some form of possession. Anyone who has delivered a controlled substance has necessarily possessed that substance." *Id.*

■ In *Derenzy,* the court was aided by section 195.010(8), which defined "delivery" as "the actual, constructive, or attempted transfer from one person to another of ... a controlled substance." In the absence of a statutory definition for the term "disseminate," we "apply the plain and ordinary

---

4. For example, in *Peiffer v. State,* the Missouri Supreme Court addressed whether first-degree tampering was a lesser-included offense of stealing. 88 S.W.3d 439, 444 (Mo. banc 2002). When the tampering statute included various methods by which the crime of tampering could be committed, the court focused on only the particular method with which the defendant was charged. *Id.* Thus, because the defendant had been charged with tampering by possessing an automobile, the court limited its analysis and holding to only that method of tampering. *Id.*

meaning of the term as found in a dictionary." *M.R. v. S.R.*, 238 S.W.3d 205, 208 (Mo.App. W.D.2007). The term disseminate is defined as "to scatter far and wide" or "promulgate widely." WEBSTER'S NEW WORLD COLLEGE DICTIONARY 416 (4th ed.2002). Although the dictionary definition of "disseminate" does not include the language "from one person to another" as the statutory definition of "delivery" does, the terms are nonetheless closely related. Like the court in *Derenzy*, we find that the term "disseminate" necessarily involves some form of possession prior to or during the act of dissemination.

Furthermore, the State concedes in its reply brief that it "agrees with [Kamaka] that, in most instances, possession is a precursor to dissemination." Instead of providing an instance in which dissemination would not be preceded by possession, the State seems to argue that, to constitute a lesser-included offense, possession must occur simultaneously with dissemination. In support of its theory that one can promote without simultaneous possession, the State points out that even if one first has possession of an item, he or she relinquishes possession by disseminating the item. However, the defendant in *Derenzy* would have similarly surrendered possession of the marijuana he delivered to another individual, and yet, the court found that his possession prior to delivery caused possession to be a lesser-included offense of the delivery of a controlled substance. The State's argument that possession and dissemination must be simultaneous is without merit.

Because we find that, under the facts presented here, it is impossible to disseminate child pornography without first possessing it, the possession of child pornography is a lesser-included offense of disseminating child pornography.[5] Therefore, the prosecution based on the promotion charge violated Kamaka's right to be free from double jeopardy, and the trial court properly granted Kamaka's motion to dismiss. Because the trial court properly dismissed the charge on the basis of double jeopardy, we need not address whether it was proper for the trial court to dismiss the charge in order to enforce the parties' plea agreement.

The judgment of the trial court is affirmed.

All concur.

lesser-included offense when the promotion charge is based on any of the other methods of promotion provided by section 573.010(15).

---

5. As the court in *Peiffer* so limited its holding, we note that our holding refers only to a charge of promotion by dissemination and express no opinion on whether possession is a